IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

HENRY ANN EKUGWUM
AND JOEL EKUGWUM                                                    PLAINTIFFS

VS.                                              CIVIL ACTION NO. 3:09CV48DPJ-JCS

CITY OF JACKSON, MISSISSIPPI                                        DEFENDANT

ORDER

This dispute is before the Court on motion for summary judgment [13] of Defendant City

of Jackson, Mississippi.  The Court, having fully considered the parties' submissions and the

pertinent authorities, finds that Defendant's motion should be granted in part and denied in part.

## I.    Facts/Procedural History

Plaintiff Henry Ann Ekugwum worked for the City of Jackson as a nutrition supervisor

for aging citizens.  In early 2007, Plaintiff was hospitalized for treatment of a mental condition.

After her discharge, she informed her supervisor that her condition required leave from work.

Although Plaintiff presented the form containing private information to her supervisor in a

sealed envelope, the information was allegedly divulged to others in the office.

Mrs. Ekugwum and her husband, Plaintiff Joel Ekugwum, filed this action against the

City of Jackson, Mississippi, in the Circuit Court of Hinds County, Mississippi, asserting state

law claims for invasion of privacy, violation of the Family & Medical Leave Act (FMLA), 29

U.S.C. §§ 2601 *et seq*., and violation of the Americans with Disabilities Act of 1990 (ADA), 42

U.S.C. §§ 12101 *et seq*.  The City now moves for summary judgment under Rule 56 of the

Federal Rules of Civil Procedure.  The Court has subject matter and personal jurisdiction and

finds that the motion is ripe for decision.

## II.    Analysis

A. Standard

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id*. at 324. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

B.      Defendant's Motion

        1.      ADA Claim

Plaintiffs first claim that the alleged dissemination of Mrs. Ekugwum's medical condition

violated the ADA.  In particular, she cites the following subparts of 42 U.S.C. § 12112(d):

> (1) The prohibition against discrimination as referred to in subsection (a) of this
> section shall include medical examinations and inquiries.
>
> (3)(B) (I)nformation obtained regarding the medical condition or history of the
> applicant is collected and maintained on separate forms and in separate medical
> files and is treated as a confidential medical record . . . .
>
> (3)(C) [T]he results of such examination are used only in accordance with this
> subchapter.
>
> (4)(C) Information obtained under subparagraph (B) regarding the medical
> condition or history of any employee are subject to the requirements of
> subparagraphs (B) and (C) of paragraph (3).

It is not clear whether these provisions apply to the facts of this case.  *See Cash v. Smith*,

231 F.3d 1301, 1307-08 (11th Cir. 2000) (holding that 42 U.S.C. § 12112(d) did not apply

because disclosure "was not of the result of an examination ordered by" the employer).

Nevertheless, Defendant premises its motion on Plaintiff's failure to file a timely charge of

discrimination with the Equal Employment Opportunity Commission.  *See* 42 U.S.C. § 12117(a)

(incorporating 42 U.S.C. § 2000e-5(e)(1)); *see also Dao v. Auchan Hypermarket*, 96 F.3d 787,

789 (5th Cir. 1996) (affirming dismissal of ADA claim for failure to exhaust administrative

remedies).  Plaintiffs failed to respond to this meritorious argument.  The City's motion is

therefore granted as to the ADA claim.

2.      FMLA Claim

Plaintiffs claim that the dissemination of Mrs. Ekugwum's medical information violated

the FMLA.  The City's initial motion attacks this claim by arguing that the FMLA creates no

privacy interests.  However, Plaintiffs observed in response that the enforcing regulations for the

FMLA address privacy when they state that

> (r)ecords and documents relating to . . . medical histories or employees or
> employees' family members, *created for purposes of FMLA*, shall be maintained
> as confidential medical records in separate files/records from the usual personnel
> files, and if the ADA, as amended, is also applicable, such records shall be
> maintained in conformance with ADA confidentiality requirements . . . .

29 C.F.R. § 825.500(g).  Accordingly the regulations adopt the above cited ADA privacy

provisions.

"It is not settled whether this provision [§ 825.500(g)] gives rise to a private right of

action for disclosure."  *Walker v. Gambrell*, 647 F. Supp. 2d 529, 539 n. 5 (D. Md. 2009); *see*

*also Johnson v. Moundsvista, Inc.*, No. Civ. 01-915 2002 WL 2007833, at *7 (D. Minn. Aug. 28,

2002) (holding that plaintiff failed to state a claim even if such a right exists); *Rich v. Delta Air*

*Lines, Inc.*; 921 F. Supp. 767, 774 (N.D. Ga. 1996) (reviewing separate FMLA regulation but

noting that "[a]n executive agency cannot make substantive rules of law unless it has been so

empowered by Congress").  Even if such a right exists by virtue of § 825.500(g), the section

incorporates § 12112(d) of the ADA, which, as discussed above, may not apply in the context of

this case. *See Cash*, 231 F.3d at 1308.

Although Plaintiffs cite no authority suggesting that § 825.500(g) creates a private right

of action, the City simply folded its tent and limited its reply to an attack on the sufficiency of

Plaintiffs' proof.  Because the City seems to accept the existence of a private cause of action, the

4

Court will do the same without deciding the merits of the issue. Thus, the focus now rests on the sufficiency of Plaintiffs' record evidence.

In response to the City's motion, Plaintiffs submitted an affidavit from Mrs. Ekugwum stating that others had informed her that they were aware of the confidential information she submitted to her employer. Plaintiffs offer the affidavit as proof that the confidential information was disclosed. The City argues that "Plaintiff's self-serving statements that a City employee shared confidential information are insufficient to create a triable issue of fact as to whether the City violated her rights under federal or state law." Def.'s Reply at 2. Defendants also contend that the statements are conclusory. The Court will limit its review of the evidence to the narrow issue Defendant attacks–whether the affidavit is incompetent because it is conclusory and self-serving.

It is certainly true that in some situations an affidavit from a plaintiff may be insufficient proof under Rule 56. *See, e.g.*, *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 294 (5th Cir. 2004) (concluding that self-serving statements were insufficient to overcome summary judgment, particularly when faced with "overwhelming evidence" in opposition). Most of the cases reaching this result note that the plaintiffs failed to meet the burden of establishing an element for which their testimony was not sufficient. *See, e.g.*, *Jackson v. Cal-Western Packaging Corp.*, --- F.3d ----, No. 09-20411, 2010 WL 1135735, at *3 (5th Cir. Mar. 26, 2010) (holding that plaintiff's self-serving statement that he did not commit sexual harassment was insufficient when plaintiff was required to establish "whether the employer reasonably believed the employee's allegation and acted on it in good faith"). Viewing the facts in a light most favorable to the Plaintiffs, Ms. Ekugwum's affidavit is not so conclusory or self-serving as to render it

incompetent, and it presents at least circumstantial evidence that her medical condition was

disclosed.  As such, this portion of the Defendant's motion is denied.

3.      State Law Invasion of Privacy

Invasion of privacy claims come in four limited varieties under Mississippi law.  *Deaton*

*v. Delta Democrat Publ'g Co.*, 326 So. 2d 471, 473 (Miss. 1976).  According to Plaintiffs, only

one of those theories is in play–the public disclosure of private facts.  In *Young v. Jackson*, the

Mississippi Supreme Court adopted the Restatement (Second) of Torts § 652D as to public

disclosure of private facts and observed the following:

> One who gives publicity to a matter concerning the private life of another is
> subject to liability to the other for invasion of his privacy, if the matter publicized
> is of a kind that (a) would be highly offensive to a reasonable person, and (b) is
> not of legitimate concern to the public.

572 So. 2d 378, 382 (Miss. 1990).  Assuming, *arguendo*, that Plaintiffs met their burden as to

subparts (a) and (b), the claim still fails for lack of evidence that Defendant "gave publicity to"

her medical condition.  *Id*.

In *Williamson ex rel. Williamson v. Keith*, the Mississippi Supreme Court faced an

analogous set of facts.  786 So. 2d 390 (Miss. 2001).  In that case, the plaintiff claimed that

personal medical records were improperly disclosed.  In affirming summary judgment, the court

held that, under the public disclosure of private facts theory of recovery, the plaintiff

> must prove that [her] medical records were publicized by [defendant].  In
> accordance with Restatement (Second) of Torts § 652D, cmt. a (1977), this is a
> different standard than "publication" for defamation law purposes, which requires
> only communication with a third person.  Comment a states that "Publicity", in an
> invasion of privacy sense,

> > means that the matter is made public, by communicating it to the
> > public at large, or to so many persons that the matter must be
> > regarded as substantially certain to become one of public

> knowledge. The difference is one of a communication that reaches, or is sure to reach, the public.
>
> Thus it is not an invasion of the right of privacy, within the rule stated in this Section, to communicate a fact concerning the plaintiff's private life to a single person or even a small group of persons. On the other hand, any publication in a newspaper or a magazine, even of small circulation, or in a handbill distributed to a large number of persons, or any broadcast over the radio, or statement made in an address to a large audience, is sufficient to give publicity within the meaning of the term as it is used in this Section. The distinction, in other words, is one between private and public communication.

786 So. 2d at 396 (citing Restatement (Second) of Torts § 652D cert. A (1977)). The court

affirmed summary judgment in *Keith*, finding that the plaintiff failed to "submit any evidence of

[the plaintiff] or [the minor's] records being published or that they were disclosed to the public

by [the defendant]." *Id.*

Plaintiffs conducted no discovery of these (or any other) issues, and their affidavits are

insufficient to create a genuine issue as to the public communication of the information. *Id.*; *see*

*also Ayles ex rel. Allen v. Allen*, 907 So. 2d 300, 306 (Miss. 2005) (affirming summary judgment

where plaintiff failed to establish public communication). Finally, Plaintiffs attempt to switch

the burden to Defendant, arguing that the "City has presented no evidence that [publication] was

confined to a small group." Pls.' Mem. at 5. It is not, however, the City's burden under Rule 56

to come forward with evidence to disprove the essential elements of Plaintiffs' claim. Instead,

Plaintiffs have the burden of going beyond the pleadings and designating specific facts showing

a genuine issue for trial. Conclusory allegations and speculation are not sufficient. *TIG Ins. Co.*,

276 F.3d at 759. Plaintiffs' state law invasion of privacy claim is dismissed.

**III.    Conclusion**

The Court has considered all issues raised by the parties, and those not expressly addressed herein would not change the results of this order. For the reasons stated, Defendant's motion for summary judgment is granted as to the ADA and state law invasion of privacy claims and denied as to the FMLA claim.

**SO ORDERED AND ADJUDGED** this the 13th day of April, 2010.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE